UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-1680

CLEMENTE GONZALEZ,
and other similarly-situated individuals,

      Plaintiff(s),

v.

KENNEDY MART, INC., d/b/a
CURRY LEAVES INDIAN CUISINE,
SAJI MATHEW, individually,
and KRISH UNNY, individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 UNITED STATES CODE § 216(b))

Comes now the Plaintiff, CLEMENTE GONZALEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants KENNEDY MART, INC. d/b/a CURRY LEAVES INDIAN CUISINE, SAJI MATHEW, individually, and KRISH UNNY, individually, and alleges:

### Jurisdiction, Venues, and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliatory discharge damages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 United States Code Sections 201 through 219.

2. Plaintiff, CLEMENTE GONZALEZ (hereinafter, "GONZALEZ" or "Plaintiff"), is a resident of Hillsborough County, Florida, within the jurisdiction of this Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Fair Labor Standards Act.

3. Defendant, KENNEDY MART, INC., d/b/a CURRY LEAVES INDIAN CUISINE (hereinafter, "CURRY LEAVES" or "Defendant") is a Florida Profit Corporation doing business in Tampa, Hillsborough County, within this Court's jurisdiction. Defendant CURRY LEAVES was the employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 United States Code § 203(d)]. At all times material, Defendant CURRY LEAVES was and is engaged in interstate commerce.

4. The individual Defendants, SAJI MATHEW (hereinafter, "MATHEW" or "Defendant"), and KRISH UNNY (hereinafter, "UNNY" or "Defendant"), are the owners, partners, and/or managers of CURRY LEAVES. These individual Defendants are employers of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 United States Code § 203(d)].

5. All actions complained of in this Complaint took place in Hillsborough County, Florida, within this Honorable Court's jurisdiction.

General Allegations

6. Plaintiff GONZALEZ brings this cause of action as a collective action to recover from Defendants overtime compensation, retaliatory discharge damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 United States Code § 201 et seq., on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty hours during one or more weeks on or after March 2025 without being adequately compensated.

7. Defendant CURRY LEAVES is an Indian cuisine restaurant located at 204 Westshore Plaza, Tampa, Florida 33609.

8. Defendant CURRY LEAVES was and is engaged in interstate commerce as defined in Sections 3(r) and 3(s) of the Fair Labor Standards Act. Defendant CURRY LEAVES had more than two employees recurrently engaged in commerce or the production of goods for commerce, regularly and recurrently used the instrumentalities of interstate commerce, accepted and solicited funds from non-Florida sources, used electronic devices to authorize credit card transactions, ordered products and supplies produced out of state, and upon information and belief, had annual gross revenue exceeding five hundred thousand dollars per annum. Therefore, there is Fair Labor Standards Act enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a restaurant employee performing kitchen work as a dishwasher. Plaintiff handled and worked with goods and materials that were moved in interstate commerce. Therefore, there is individual coverage.

10. Defendants CURRY LEAVES, MATHEW, and UNNY employed Plaintiff GONZALEZ as a non-exempt, full-time restaurant employee from approximately March 2025 to February 2026.

11. During the relevant period of employment, Plaintiff primarily performed as a dishwasher.

12. During his employment with Defendants, Plaintiff worked seven days per week. Plaintiff worked from Monday to Sunday from 8:00 a.m. to 1:00 a.m., totaling seventeen hours per day. Thus, Plaintiff worked a total of 119 hours per week. Plaintiff stayed working during the designated mid-day break period.

13. Plaintiff was paid at a rate of eighteen dollars per hour. Plaintiff's overtime rate should have been twenty-seven dollars per overtime hour.

14. In order to circumvent the requirements of the Fair Labor Standards Act, Defendants paid Plaintiff for only forty hours per week by company check and

paid the remaining overtime hours in cash at Plaintiff's regular straight time rate of eighteen dollars per hour.

15. Plaintiff clocked in and out in the restaurant's computer system using a four-digit employee code. Defendants controlled Plaintiff's schedule and activities. Thus, Defendants were aware of the number of hours that Plaintiff and other similarly situated individuals were actually working.

16. Plaintiff did not receive accurate paystubs showing the actual number of hours worked each week and that showed basic information such as the wage rate, the number of days and hours worked, and the employee's taxes withheld.

17. Defendants did not maintain accurate time records of the hours worked by Plaintiff and other employees.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty hours in a workweek, in violation of Section 7(a) of the Fair Labor Standards Act of 1938 (29 United States Code § 207(a)(1)).

19. During the last weeks of his employment, Plaintiff complained about not receiving proper overtime compensation. Plaintiff complained to management, including Defendant UNNY.

20. In response to Plaintiff's complaint, Defendant SAJI MATHEW terminated Plaintiff's employment on or about February 2026. The stated reason for

termination was pretextual, as Plaintiff was allegedly fired for breaking plates. Plaintiff performed his work satisfactorily at all times. There was no reason other than unlawful retaliatory employment practices to discharge Plaintiff.

21. At all relevant times, individual Defendants MATHEW and UNNY were the owners, operators, and/or managers of CURRY LEAVES. Defendants MATHEW and UNNY acted as employers within the meaning of 29 United States Code § 203(d), exercising direct control over the business' operations, including hiring, supervision, and compensation of Plaintiff and similarly situated employees. As such, individual Defendants MATHEW and UNNY are jointly and severally liable for the damages sustained by Plaintiff.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 United States Code § 216(b).

23. Plaintiff contends that Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every dishwasher, kitchen employee, and any other similarly situated individuals who worked for Defendants at any time during the past three years.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION FAILURE TO PAY OVERTIME
**(Against All Defendants)**

25. Plaintiff GONZALEZ re-adopts every factual allegation stated in paragraphs 1 through 24 above as if set out in full herein.

26. Defendants CURRY LEAVES, MATHEW, and UNNY employed Plaintiff GONZALEZ as a non-exempt, full-time restaurant employee from approximately March 2025 to February 2026.

27. During the relevant period of employment, Plaintiff primarily performed as a dishwasher.

28. During his employment with Defendants, Plaintiff worked seven days per week from 8:00 a.m. to 1:00 a.m., totaling 119 hours per week.

29. Plaintiff was paid at a rate of eighteen dollars per hour.

30. In order to circumvent the requirements of the Fair Labor Standards Act, Defendants paid Plaintiff for only forty hours per week by company check and paid the remaining overtime hours in cash at Plaintiff's regular straight time rate.

31. Plaintiff clocked in and out in the restaurant's computer, and Defendants controlled his schedule and activities. Thus, Defendants were aware of the number of hours that Plaintiff and other similarly situated individuals were actually working.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty hours, in violation of Section 7(a) of the Fair Labor Standards Act of 1938 (29 United States Code § 207(a)(1)).

33. Plaintiff did not receive accurate paystubs showing the actual number of hours worked each week and that showed basic information such as the wage rate, the number of days and hours worked, and the employee's taxes withheld.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees, should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of the hours worked by Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of the Fair Labor Standards Act, 29 Code of Federal Regulations Part 516.

36. Plaintiff is not in possession of time and payment records, but he will provide a reasonable, good-faith estimate based on his recollection and his knowledge of the hours he worked. After discovery, Plaintiff will amend his statement of claim if necessary.

**Unpaid Overtime Wage Calculation**

a. Total amount of alleged unpaid overtime wages: Thirty-Four Thousand, One Hundred Twenty-Eight Dollars and 00/100 ($34,128.00)

b. Calculation of such wages:

| Description | Calculation | Amount |
|---|---|---|
| Total period of employment | — | 48 weeks |
| Total hours worked weekly | — | 119 hours |
| Regular rate | $18.00/hour | — |
| Half-time overtime rate | $9.00 per overtime hour | — |
| Overtime hours per week | 119 hr. – 40 hr. = 79 hours | — |
| **Unpaid half-time overtime** | **$9.00 × 79 hours × 48 weeks** | **$34,128.00** |

c. Nature of wages: This amount represents unpaid half-time overtime wages for all hours worked over forty hours per week.

37. Defendants failed to comply with 29 United States Code § 207(a)(1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of one and one-half times their regular rate for all hours worked over forty hours per workweek, as provided in said Act.

38. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with

Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendants CURRY LEAVES, MATHEW, and UNNY willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and have owed Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## COUNT II
## FEDERAL STATUTORY VIOLATION RETALIATORY DISCHARGE
### (Against All Defendants)

41. Plaintiff GONZALEZ re-adopts every factual allegation stated in paragraphs 1 through 40 of this Complaint as if set out in full herein.

42. Defendants CURRY LEAVES, MATHEW, and UNNY were engaged in interstate commerce as defined in Sections 3(r) and 3(s) of the Fair Labor Standards Act.

43. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

44. Defendants terminated Plaintiff's employment because he complained about not receiving proper overtime compensation, in violation of 29 United States Code § 215(a)(3).

45. There is close temporal proximity between Plaintiff's protected activity and his discharge.

46. The motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

47. Defendants' discharge of Plaintiff was in direct violation of 29 United States Code § 215(a)(3), and as a direct result, Plaintiff has been damaged.

48. Plaintiff GONZALEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff CLEMENTE GONZALEZ, and those similarly situated, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GONZALEZ and other similarly situated individuals and against Defendants CURRY LEAVES, MATHEW, and UNNY, based on Defendants' willful violations of the Fair Labor Standards Act;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty hours weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff compensatory damages for emotional distress and other harms caused by Defendants' retaliatory conduct;

E. Award Plaintiff reasonable attorney's fees and costs of suit;

F. Issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from any further retaliation, harassment, threats, or intimidation against Plaintiff or his family;

G. Grant such other and further relief as this Court deems equitable, just, and/or available pursuant to Federal Law.

## DEMAND FOR A JURY TRIAL

Plaintiff CLEMENTE GONZALEZ demands a trial by a jury on all issues triable as a matter of right.

Dated: June 4, 2026

Respectfully submitted,

By: /s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow
SIMPSON & MENA, P.A.

Florida Bar No.: 117839
2250 SW Third Avenue
Suite 501
Miami, Florida 33129
Telephone: (305) 912-7665
Email: alexis@simpsonmenalaw.com
*Attorneys for Plaintiff*